# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA DODSON,** | : |
| Petitioner | : CIVIL ACTION NO. 3:20-0084 |
| v. | : (Judge Mannion) |
| **WENDY NICOLAS**, *et al.,* | : |
| Respondents | : |

## MEMORANDUM[1]

Petitioner, Patricia Dodson, an inmate confined at the Muncy State Correctional Institution (SCI-Muncy), in Muncy, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. She challenges her 2017 conviction and sentence imposed by the Court of Common Pleas of Delaware County. (Doc. 1.) Named as the Respondents are Wendy Nicolas, Superintendent of SCI-Muncy and the Pennsylvania State Attorney General. Dodson has requested to proceed *in forma pauperis*. (Docs. 2 and 8.) For the reasons outlined below, Dodson's application for *in forma pauperis* status will be granted and her petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

---

[1] This matter has been reassigned due to the untimely passing of the Honorable A. Richard Caputo.

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. §2241(d). Each of those districts have "jurisdiction to entertain the petition." *Id.* Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's §2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. §2241(d). Additionally, 28 U.S.C. §1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. §1404(a).[2]

In this case, Dodson is currently incarcerated at SCI-Muncy, which is located in Lycoming County, which is within the territorial boundaries of the Middle District of Pennsylvania. In her petition, Dodson challenges the validity of her conviction which was obtained in the Delaware County Court

---

[2] Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987), the term "civil action" includes habeas petitions. *Parrott v Government of Virgin Islands*, 230 F.3d 615, 683 (3d Cir. 2000).

of Common Pleas, which is located within the territorial boundaries of the Eastern District of Pennsylvania. *See* 28 U.S.C. §118(a). Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, the Court will transfer this action to the Eastern District.

With regards to Dodson's motion to proceed *in forma pauperis* (Doc. 2 and 8), as of January 27, 2020, her available account balance was $ -2.75. (Doc. 9.) As such, her motion to proceed *in forma pauperis* will be granted.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 7, 2020**
20-0084-01